UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAREED SEPEHRY-FARD,

　　　　　Plaintiff,

　　v.

NATIONSTAR MORTGAGE LLC., et al.,

　　　　　Defendants.

Case No.  25-cv-08783-JSC

**ORDER RE: MOTION TO DISMISS AND APPLICATION FOR LIS PENDENS**

Re: Dkt. Nos. 9, 13

Plaintiff, proceeding without attorney representation, sues Nationstar Mortgage LLC ("Nationstar"); U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR2 ("U.S. Bank"); Clear Recon Corp ("Clear Recon"); and Xome, Inc. ("Xome") regarding the financing and foreclosure of property at 12309 Saratoga Creek Drive in Saratoga, California.  (Dkt. No. 1.)[1]  Nationstar, U.S. Bank, and Xome move to dismiss Plaintiff's complaint based on res judicata and failure to state a claim. (Dkt. No. 13.)  Plaintiff also applies for a lis pendens.  (Dkt. No. 9.)

Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the March 19, 2026 hearing, and GRANTS Defendants' motion to dismiss.  Because in Case No. 18-CV-03885-BLF, Plaintiff asserted claims based on the same facts and against the same defendants or defendants in privity, and the court entered judgment against Plaintiff on the merits, res judicata prevents him from reasserting those claims in this case.  And because Plaintiff's pleading is barred by res judicata, the

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 25-CV-08783-JSC, unless otherwise stated; pinpoint citations are to the ECF-generated page numbers at the top of the document.

Court also DENIES Plaintiff's application for a lis pendens because Plaintiff's pleading cannot provide a valid real property claim to support the lis pendens.

## BACKGROUND

### I.    COMPLAINT ALLEGATIONS

Around January 10, 2007, Plaintiff received a $1.3 million loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint") for his home at 12309 Saratoga Creek Drive in Saratoga, California (the "12309 Property"). (Dkt. No. 1 ¶ 39; Dkt. No. 14-2 (recorded deed).)  The note's signature was forged and, at the time the note was executed, GreenPoint was not permitted to do business in California. (Dkt. No. 1 ¶ 40.)  The note and servicing of rights was improperly transferred to Nationstar, and then to U.S. Bank. (*Id.* ¶ 41; Dkt. Nos. 14-4, 14-5.)  However, U.S. Bank and its agents Nationstar, Xome, and Clear Recon lacked standing to sell the 12309 Property at a trustee's sale. (Dkt. No. 1 ¶ 41.)  At some point, Plaintiff fell behind on his mortgage payments and asked Nationstar for an accounting; Nationstar failed to provide an accounting and instead advised him to apply for a loan modification. (*Id.* ¶¶ 42-43.)  Around 2015, Plaintiff applied for a loan modification, but he was not assigned a single point of contact until June 2017. (*Id.* ¶ 44.)  In addition, in September 9, 2015, Clear Recon, at Nationstar's request, filed a Notice of Default on the 12309 Property. (*Id.* ¶ 46.)  Plaintiff continued to seek information on loan modification and to offer to pay the reinstatement amount, but his requests were ignored. (*Id.* ¶¶ 47-50.)

In Case No. 115cv289500 in Santa Clara County Superior Court, Plaintiff told the judge he had never had any relationship with Defendants, and the judge ordered Defendants to authenticate the amount of debt and the reinstatement amount. (*Id.* ¶¶ 51-53.)  Defendants never did so and instead dismissed their two title-related actions (Case Nos. 115cv289500 and 115cv286835). (*Id.* ¶ 55.)  Then, on February 8, 2017, Defendants filed a notice of trustee sale in the Santa Clara County Recorder. (*Id.* ¶ 56.)  Around that time, Clear Recon also filed a Notice of Trustee's Sale on the land. (*Id.* ¶ 58.)  Plaintiff continued to attempt to contact Nationstar about his loan modification application package. (*Id.* ¶¶ 59-61.)  Around May 8, 2017, Plaintiff received a letter from Nationstar informing him his loan modification was under review, but on May 3, 2017, his attorneys received a letter his loan modification application had been rejected. (*Id.* ¶ 62.)  His

United States District Court
Northern District of California

appeal was also rejected on June 21, 2017.  (*Id.*)  In addition, on February 9, 2017, Plaintiff sent Defendants a promissory note to pay the full alleged debt by February 24, 2017, but Defendants did not accept or reject and return the note.  (*Id.* ¶¶ 78-80.)

Defendants scheduled a trustee sale for July 6, 2017.  (*Id.* ¶ 63.)  Prior to the auction, Defendants, and specifically Xome, "a fully owned subsidiary of Nationstar," "appraised Plaintiff's home value . . . erroneous[ly] and well below market value."  (*Id.* ¶¶ 121-123, 134.) Clear Recon informed Plaintiff the sale was postponed to July 20, 2017; Plaintiff believes it nevertheless occurred on July 6, 2017.  (*Id.* ¶ 63.)  The Deed Upon Sale was recorded on July 20, 2017.  (*Id.*; *see also* Dkt. No. 14-7 (recorded deed).)  In addition, the service of process for Defendants' unlawful detainer complaint was deficient because it was not posted on the gate to the 12309 Property because the Property has no gate, and the process server was not a registered process server.  (Dkt. No. 1 ¶¶ 67-76.)  Plaintiff subsequently served Defendants with "over a dozen writs, [and] none were returned by any of the Defendants."  (*Id.* ¶¶ 85-87.)

So, Nationstar "failed to notify Plaintiff of the transfer of the servicing of Plaintiff's alleged loan," and "Defendants failed to send Plaintiff annual escrow statements," and Defendants "went forward with the trustee's sale of the Subject land anyway."  (*Id.* ¶¶ 89-90, 93.)

## II.    PROCEDURAL HISTORY

### A.    Plaintiff's Prior Cases

On September 23, 2011, Plaintiff sued Aurora Bank FSB, GPM Heloc, Bank of America, and U.S. Bank in California Superior Court for Santa Clara County.  (Dkt. No. 14-8 (Case No. 1-11-CV-209804).)  Plaintiff disputed whether the defendants validly owned or transferred the mortgage loans for the 12309 Property.  (*Id.* at 2-3.)  On October 16, 2012, the court granted the defendants' demurrer, including because "[t]o the extent" Plaintiff's second amended complaint "can be understood to be challenging Defendants' right to foreclose on his property, there is no authority providing that a homeowner may seek a determination as to whether the party initiating disclosure has the authority to do so."  (Dkt. No. 14-9 at 4.)  The court also rejected Plaintiff's claims the defendants failed to provide "proof of claim" or forged his signature.  (*Id.*)  The court then entered judgment against Plaintiff, which the California Court of Appeal for the Sixth

United States District Court
Northern District of California

Appellate District affirmed.  (Dkt. Nos. 14-10, 14-11.)

On February 22, 2012, Plaintiff sued Aurora Bank FSB, GPM Heloc, Bank of America, Frank H. Kim, U.S. Bank, and Severson & Werson in this District.  (Dkt. No. 14-12 (Case No. 5:12-CV-00871-EJD).)  Plaintiff's amended complaint alleged "Defendants are third party strangers to his alleged mortgage loan and have no ownership interest or any relationship with Plaintiff entitling them to collect payment or declare a default."  (Dkt. No. 14-13 at 6.)  The court granted the defendants' motion to dismiss without leave to amend and entered judgment in the defendants' favor, and the Ninth Circuit later affirmed the district court's judgment.  (Dkt. No. 14-14 at 10; Dkt. Nos. 14-15, 14-18.)

On October 1, 2013, Plaintiff sued Greenpoint Mortgage Funding, Inc.; ReconTrust Company, N.A.; U.S. Bank; California Reconveyance Company, Marin Conveyancing Corp., and Mortgage Electronic Registration Systems, Inc. in this District.  (Dkt. No. 14-16 (Case No. 5:13-CV-04535-EJD).)  Plaintiff alleged the defendants lacked authority to foreclose on the 12309 Property and demanded the defendants produce "valid enforceable proof of claim."  (*Id.* at 3, 13.)  The Court dismissed Plaintiff's claims without prejudice for lack of subject matter jurisdiction.  (Dkt. No. 14-17.)

Then, on July 16, 2014, Plaintiff sued Nationstar, Jay Bray, Harold Lewis, Stacey Roberson, Clear Recon, John D. Duncan, Greenpoint Mortgage Funding, Inc., ReconTrust Company, N.A., U.S. Bank, California Reconveyance Company, Marin Conveyancing Corp., and Mortgage Electronic Registration Systems, Inc.  (Dkt. No. 14-19 (Case No. 5:14-CV-03218-LHK).)  Plaintiff asserted state and federal causes of action to quiet title in the 12309 Property.  (*Id.* at 3.)  The court granted the defendants' motion to dismiss without leave to amend in part because, given the judgment in Case No. 5:12-CV-00871-EJD, Plaintiff's claims were barred by res judicata.  (Dkt. No. 14-20.)

On May 6, 2015, after initiating a chapter 13 case, Plaintiff filed a complaint in U.S. Bankruptcy Court objecting to Select Portfolio Servicing, Inc.'s proof of claim.  (Dkt. No. 14-21 (Bk. No. 15-50791 ASW).)  The bankruptcy court dismissed Plaintiff's complaint, including because Plaintiff had not complied with the District's vexatious litigant order for actions related to

4

the foreclosure of his property at 18314 Baylor Avenue in Saratoga, California.  (Dkt. No. 14-22.)  Plaintiff appealed, and the Bankruptcy Appellate Panel dismissed his appeals.  (Dkt. Nos. 14-23, 14-24.)

Finally, on June 28, 2018, Plaintiff sued U.S. Bank, Nationstar, GreenPoint Mortgage Funding, Capital One, N.A., and Clear Recon in this District related to the refinancing and foreclosure of the 12309 Property.  (Dkt. No. 14-29 (Case No. 5:18-CV-03885-BLF).)  The court dismissed Plaintiff's complaint with prejudice and without leave to amend because his claim was time-barred.  (Dkt. No. 14-30.)

### B.    Present Case

Because Plaintiff is subject to two orders declaring him a vexatious litigant, the Court needed to determine whether he could file his complaint.  *See Sepehry-Fard v. Select Portfolio Servicing*, No. 14-CV-05142-LHK, Dkt. No. 58 at 21 (N.D Cal. Mar. 10, 2015); *U.S. Bank National Association v. Sepehry-Fard*, No. 22-CV-628-BLF, Dkt. No. 41 at 9 (N.D. Cal. Feb. 25, 2022).  Upon review, because his claims concerned a different property than that in the case which led to the first vexatious litigant order, and because the second vexatious litigant order only applied to removed complaints, the Court on February 3, 2025 allowed him to file his complaint.  (Dkt. No. 1-1.)  So, on October 14, 2025, Plaintiff sued Nationstar, Clear Recon, U.S. Bank, and Xome.  (Dkt. No. 1.)  Plaintiff asserted 32 causes of action including violations of federal constitutional provisions, civil statutes, and criminal statutes; violations of state statutes; and torts.  (*Id.*)  Plaintiff then applied to file a lis pendens.  (Dkt. No. 9.)  Nationstar, U.S. Bank, and Xome now move to dismiss Plaintiff's complaint under res judicata and for failure to state a claim.  (Dkt. No. 13.)

### DISCUSSION

### I.    JUDICIAL NOTICE

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, courts may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)

*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, courts may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Records filed with a county recorder are also judicially noticeable as undisputed public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

Defendants request judicial notice of several documents. (Dkt. No. 14.) The Court GRANTS Defendants' request as to Dkt. Nos. 14-1, 14-2, 14-3, 14-4, 14-5, 14-6, and 14-7, "as these are documents filed with the Santa Clara County Recorder's Office, and the type of documents of which courts routinely take judicial notice." *See Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *5 (N.D. Cal. Jan. 26, 2015) (granting judicial notice for similar documents) (citing *Disabled Rights Action Comm.*, 375 F.3d at 866 n.1). And the Court GRANTS Defendants' request as to Dkt. Nos. 14-8, 14-9, 14-10, 14-11, 14-12, 14-13, 14-14, 14-15, 14-16, 14-17, 14-18, 14-19, 14-20, 14-21, 14-22, 14-23, 14-24, 14-25, 14-26, 14-27, 14-28, 14-29, and 14-30, "as these are filings in related state and federal court proceedings." *Id.* (citing *Black*, 482 F.3d at 1041).

## II.     MOTION TO DISMISS

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks and citation omitted). Res judicata applies to bar a plaintiff's new claims "when the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quotation marks and citation omitted). A defendant may assert res judicata as an affirmative defense in a 12(b)(6) motion to dismiss when the defense "raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). A court can also "raise the res

United States District Court
Northern District of California

judicata issue *sua sponte*." *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 329 (9th Cir. 1995).

On September 4, 2018, Judge Freeman dismissed Plaintiff's complaint "with prejudice without leave to amend" and entered judgment against Plaintiff in Case No. 18-CV-03885-BLF. (Dkt. No. 14-30.) *See Fareed-Sepehry-Fard© v. U.S. Bank Nat'l Ass'n*, No. 18-CV-03885-BLF, 2018 WL 4203658, at *1 (N.D. Cal. Sept. 4, 2018).

### A.    Same Claim or Cause of Action

To determine whether the two suits involve the same claim or cause of action, courts consider:

> (1) whether the two suits arise out of the same transactional nucleus of facts;
> (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo*, 430 F.3d at 987 (citation omitted).  As to the first element, "[w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."  *Id.* (quotation marks and citation omitted).  This first element is often "outcome determinative," as it "controls and assures the two suits involve the same claim or cause of action."  *Id.* at 988.  So, "[e]ven where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts."  *Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at *2 (N.D. Cal. Mar. 25, 2014) (citing *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000)); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").

Drawing all reasonable inferences from Plaintiff's allegations in Plaintiff's favor, Plaintiff's present claims arise from the same set of facts as his claims in Case No. 18-CV-03885-BLF.  In Case No. 18-CV-03885-BLF, Plaintiff also alleged he purchased the 12309 Property and, in 2007, refinanced his mortgage with GreenPoint and executed a loan for $1,300,000.  (Dkt. No.

United States District Court
Northern District of California

7

14-29 ¶¶ 1, 2; Dkt. No. 1 ¶ 39.)  Plaintiff subsequently fell behind on his mortgage payments. (Dkt. No. 14-29 ¶ 4; Dkt. No. 1 ¶¶ 42-43.)  Then, in 2015, he "engaged in an alleged loan modification process which was botched by" Nationstar.  (Dkt. No. 14-29 ¶ 4; Dkt. No. 1 ¶¶ 42-44.)  Eventually, the defendants actions resulted in a July 20, 2017 foreclosure on the property. (Dkt. No. 14-29 ¶ 13; Dkt. No. 1 ¶ 63.)

Because Plaintiff's present complaint repeats claims "related to the same set of facts," the suits arise out of the same transactional nucleus of facts and therefore involve the same claim.  *See Mpoyo*, 430 F.3d at 987.  In addition, because Plaintiff's complaint relies on the same transactional nucleus of facts, Plaintiff's arguments regarding new evidence or distinct legal theories are unavailing.  *See Stowers*, 2014 WL 1245070, at *2 ("Even where a plaintiff alleges different legal theories, the subsequent claim is barred if it is premised on the same set of facts."); *Fantasy Inc. v. La Face Recs.*, No. CIV-S-98-0856 DFL DA, 1998 WL 916481, at *4 (E.D. Cal. Nov. 12, 1998) ("[I]ntroduction of new evidence, by itself, does not bar the application of res judicata.") (citing *International Union of Operating Engineers v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993)).

### B.    Final Judgment on the Merits

For res judicata to apply, the earlier suit must have resulted in a "final judgment on the merits."  *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081.  "An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata*."  *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997).  "A dismissal on statute of limitations grounds is a judgment on the merits that operates as res judicata."  *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation marks and citation omitted).  So, Judge Freeman's dismissal of Plaintiff's claims on statute of limitations grounds constituted a judgment on the merits.  (Dkt. No. 14-30 at 5 ("[Plaintiff's] claim is time-barred . . . and thus his complaint fails to state a claim for relief upon which relief may be granted."); *id.* at 5-6 (dismissing complaint with prejudice and without leave to amend).)  Furthermore, because the Ninth Circuit affirmed the dismissal, the judgment is also final under California law.  (Case No. 18-CV-03885-BLF, Dkt. No. 44.)  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("Under California law, . . . a judgment

United States District Court
Northern District of California

8

is not final for purposes of res judicata during the pendency of and until the resolution of an appeal." (quotation marks and citation omitted)); *see also Abelson v. Nat'l Union Fire Ins. Co.*, 28 Cal. App. 4th 776, 787 ("[A]ccording to California law, a judgment is not final for purposes of collateral estoppel while open to direct attack, e.g., by appeal." (citations omitted)).

So, Case No. 18-CV-03885-BLF resulted in a final judgment on the merits.

### C.    Identical Parties or Privies

"The final element of res judicata is privity between the parties." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. There is "obviously [] privity" when the "parties in both actions are identical." *Id.* However, "[e]ven when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* (quotation marks and citation omitted).

There is "obviously [] privity" as to Plaintiff, who was also the plaintiff in Case No. 18-CV-03885-BLF, as well as Nationstar, U.S. Bank, and Clear Recon, who were also defendants in the prior case. (Dkt. No. 14-29.) *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. And, although Xome was not a defendant in the prior case, Plaintiff alleges Xome is "fully owned by" Nationstar and "wishing to lay claim on Plaintiff's land as a real party of interest." (Dkt. No. 1 ¶¶ 15-16.) So, as a subsidiary company, Xome is in privity with Nationstar. *See Kianpour v. Wells Fargo Bank, N.A.*, No. CV 19-7776 PSG (JCX), 2019 WL 8195425, at *3 (C.D. Cal. Dec. 10, 2019) (finding privity between a company and its holding company) (citing *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005) (explaining privity includes "trustees and beneficiaries, other fiduciary relationships and consensual or legal representational relationships"); *see also Greenberg v. Ameriprise Fin., Inc.*, No. C 16-06248 WHA, 2017 WL 661355, at *3 (N.D. Cal. Feb. 17, 2017) (finding "substantial identity" and therefore "privity" between a company and its parent company). So, there is privity between the parties in the present suit and those in Case No. 18-CV-03885-BLF.

So, drawing all reasonable inferences in Plaintiff's favor, Defendants has shown that all of Plaintiff's claims are barred by res judicata as a matter of law.

9

### III.    LIS PENDENS APPLICATION

California law governs matters relating to notices of pending action, or lis pendens. 28 U.S.C. § 1964. California Code of Civil Procedure § 405.30 provides:

> At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. However, a person who is not a party to the action shall obtain leave to intervene from the court at or before the time the party brings the motion to expunge the notice.

Cal. Code. Civ. P. § 405.30. A motion to expunge must be granted if the court finds either: (1) "the pleading on which the notice is based does not contain a real property claim," *id.* § 405.31, or (2) "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim," *id.* § 405.32. The claimant, here Plaintiff, has the burden of proving the claim involves real property and the probable validity of the claim. *Id.* § 405.30.

Plaintiff seeks to quiet title as to the 12309 Property. However, because Plaintiff's claims against Defendants are barred by res judicata, Plaintiff cannot establish "by a preponderance of the evidence the probable validity of his real property claim." *See* Cal. Code Civ. P. § 405.32; *see also Silas v. Argent Mortg. Co., LLC*, No. 1:17-CV-00703-LJO-JLT, 2017 WL 3131057, at *11 (E.D. Cal. July 24, 2017) (holding because the plaintiff's claims were barred by res judicata, "the pleading on which the lis pendens was based . . . cannot provide a valid real property claim to support the lis pendens") (citing *Quinto v. JPMorgan Chase Bank*, No. 5:11-CV-2920-LHK, 2012 WL 2792445, at *2 (N.D. Cal. July 9, 2012) ("As a result of the Court's outright dismissal of Plaintiff's claims, Plaintiff is left without a real property claim and cannot establish the probable validity of such a claim in this case."); *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM-EFB, 2011 WL 6097721, at *2 (E.D. Cal. Nov. 29, 2011)).

So, the Court DENIES Plaintiff's application for a lis pendens.

### CONCLUSION

For the reasons stated above, the Court GRANTS Nationstar's, U.S. Bank's, and Xome's motion to dismiss Plaintiff's claims against them as barred by res judicata. The Court also sua sponte dismisses Plaintiff's claims against Clear Recon as barred by res judicata. *See Clements*, 69 F.3d at 329. Furthermore, because Plaintiff's claims against all Defendants are barred by res

10

judicata, the Court dismisses Plaintiff's complaint without leave to amend.  *See Davis v. Cnty. of Maui*, 454 F. App'x 582, 583 (9th Cir. 2011) (affirming dismissal without leave to amend "because res judicata would bar relief even with . . . amendments, and thus, amendment would be futile") (citation omitted)).  And the Court DENIES Plaintiff's application for a lis pendens.

This Order disposes of Docket Nos. 9 and 13. A separate judgment will be entered.

**IT IS SO ORDERED.**

Dated: March 17, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California