UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC., et al.,<br><br>Defendants. | Case No.  25-cv-08783-JSC<br><br>**ORDER RE: MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 24 |

On March 17, 2026, the Court dismissed Plaintiff's complaint without leave to amend because his claims were barred by res judicata, (Dkt. No. 22), and entered judgment against Plaintiff and for Defendants, (Dkt. No. 23).[1]  Plaintiff now moves to alter judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Dkt. No. 24.)  Having carefully considered Plaintiff's submission, the Court DENIES the motion.

**DISCUSSION**

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).  "But amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:"

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;
(2) if such motion is necessary to present newly discovered or previously unavailable evidence;
(3) if such motion is necessary to prevent manifest injustice; or
(4) if the amendment is justified by an intervening change in controlling law.

*Id.* (citation omitted). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).

Plaintiff asserts several arguments in support of reconsideration. First, Plaintiff argues the Court erred by entering judgment before ruling on Plaintiff's motion for leave to file a sur-reply to Defendants' motion to dismiss. (Dkt. No. 19.) However, contrary to Plaintiff's assertion, the Court considered Plaintiff's proposed sur-reply before ruling on Defendants' motion to dismiss. And as Plaintiff has not identified arguments or evidence in his sur-reply which demonstrate "manifest errors or law or fact upon which the [Court's] judgment rests," *see Allstate Ins. Co.*, 634 F.3d at 1111, Plaintiff's argument is not grounds for reconsideration. Furthermore, because Plaintiff filed his motion as an opposition brief with the proposed sur-reply, rather than as a motion, there was no pending motion for the Court to resolve before considering Plaintiff's sur-reply or entering judgment.

Second, Plaintiff contends the Court did not specifically address evidence arising after final judgment in his prior cases. For example, the Court did not consider evidence of a 2023 data breach which "directly affects the reliability of the loan records, servicing data, and creditor identification," "contradictory [] claims" about the loan ownership, "new collection activity" and "reporting," a 2025 "unlawful detainer action" against Plaintiff, and "contradictions in debt and reinstatement figures that were not fully understood until after 2020." (Dkt. No. 24 at 8-9.) However, as the Court previously explained, "Plaintiff's arguments regarding new evidence or distinct legal theories are unavailing" because the evidence relates to "the same transactional nucleus of fact" as that at issue in Case No. 18-CV-03885-BLF. (Dkt. No. 22 at 8.) *See Fantasy Inc. v. La Face Recs.*, No. CIV-S-98-0856 DFL DA, 1998 WL 916481, at *4 (E.D. Cal. Nov. 12,

2

1998) (citing *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993)) ("[I]ntroduction of new evidence, by itself, does not bar the application of res judicata.").  Because all the evidence Plaintiff cites relates to his alleged rights in the foreclosed 12309 Property, his claims "involve the same primary right as" in Case No. 18-CV-03885-BLF, and "there is an identity of claims for res judicata purposes."  *See Lee v. JP Morgan Chase Bank*, N.A., No. 2:15-CV-040610-CAS (GJSx), 2015 WL 5554006, at *4 (C.D. Cal. Sept. 21, 2015); *see also Rodriguez v. Bank of New York*, No. 13-CV1830-GPC-BLM, 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right.").  So, although some evidence supporting Plaintiff's claim emerged after the final judgment in Case No. 18-CV-03885-BLF, Plaintiff's claim remains based on foreclosure of the 12309 Property and therefore barred by res judicata.

Third, Plaintiff contends "[t]he prior dismissal (Case No. 18-cv-03885-BLF) was based solely on the statute of limitations and therefore was not a judgment on the merits." (Dkt. No. 24 at 3.)  But rather than support Plaintiff's argument, *Holt v. County of Orange*, 91 F.4th 1013 (9th Cir. 2024), evaluated whether a case tolled a statute of limitations.  And instead, as the Court previously stated, "'[a] dismissal on statute of limitations grounds is a judgment on the merits that operates as res judicata.'" (Dkt. No. 22 at 8 (quoting *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation marks and citation omitted)).)

Fourth, Plaintiff argues because the Court held Plaintiff's complaint was not covered by prior vexatious litigant orders before allowing Plaintiff to file it, the Court "necessarily [found] it not duplicative." (Dkt. No. 24 at 3.)  Plaintiff misconstrues the Court's holding.  In allowing Plaintiff to file his complaint, the Court found only "although this is the same property subject to the foreclosure action Plaintiff is prohibited from removing without court approval under the second vexatious litigant order, this action is not a removal, but instead was filed here in the first instance." (Dkt. No. 1-1 at 2.)  So, the Court's holding Plaintiff's complaint was not covered by a prior vexatious litigant order does not contradict its later holding it involves the same claim as a prior action and is therefore barred by res judicata.

Finally, in the alternative, Plaintiff seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(4) because "the judgment is void." Fed. R. Civ. P. 60(b)(4). For the reasons explained above, Plaintiff's arguments the Court's finding of res judicata and entry of judgment are void are unavailing. So, the Court declines to grant relief from judgment.

## CONCLUSION

For the reasons stated above, Plaintiff has not presented any grounds upon which the Court may alter judgment pursuant to Federal Rule of Civil Procedure 59(e) or relieve Plaintiff from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The Court therefore DENIES Plaintiff's motion.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: April 13, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4