UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAREED SEPEHRY-FARD,

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC., et al.,

Defendants.

Case No.  25-cv-08783-JSC

**ORDER RE: PLAINTIFF'S RENEWED POST-JUDGMENT MOTIONS**

Re: Dkt. No. 30

On March 27, 2026, the Court dismissed Plaintiff's complaint without leave to amend because his claims were barred by res judicata, (Dkt. No. 22), and entered judgment against Plaintiff and for Defendants, (Dkt. No. 23).[1]  Plaintiff then moved to alter judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), and the Court denied Plaintiff's motion.  (Dkt. Nos. 24, 26.)  So, Plaintiff filed a notice of appeal to the Ninth Circuit regarding the Court's orders dismissing his complaint, entering judgment, and denying his post-judgment motions.  (Dkt. No. 27.)  Now pending before the Court is Plaintiff's renewed motion to vacate judgment under Federal Rule of Civil Procedure 60(b)(4). (Dkt. No. 30.)  Having carefully considered the parties' submissions, the Court DENIES Plaintiff's motion to vacate judgment.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Long v. Bureau of Econ. Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*United States District Court*
*Northern District of California*

(explaining the district court lacks jurisdiction absent remand), *cert. granted*, *vacated on other grounds*, 454 U.S. 934 (1981).  Because Plaintiff has filed a notice of appeal regarding the same matters at issue in Plaintiff's renewed motion to vacate judgment, and the Ninth Circuit has not remanded Plaintiff's case, the Court has been divested of jurisdiction to decide Plaintiff's motion.

However, Federal Rule of Civil Procedure 62.1 does allow a district court to, upon "a timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending:" (1) "defer," (2) "deny," or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  *See* Fed. R. Civ. P. 62.1(a); *see also Mendoza v. Aguilar*, No. 16-CV-05529 EDL (PR), 2018 WL 10424866, at *1 (N.D. Cal. Oct. 31, 2018) (explaining Rule 62.1, adopted in 2009, "allows the Court to take certain actions with respect to such a Rule 60(b) motion in limited circumstances").  Pursuant to Rule 62.1(a)(2), the Court denies Plaintiff's motion for the reasons explained in its order denying Plaintiff's prior Rule 60(b)(4) motion.  (*See* Dkt. No. 26.)

So, the Court DENIES Plaintiff's renewed motion to vacate judgment.

This Order disposes of Docket No. 30.

**IT IS SO ORDERED.**

Dated: May 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California